**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
Elizabeth A. Wagner, Esq. (317098)
elizabeth@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Ste. 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Kevin Nguyen

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN NGUYEN,<br><br>Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.  **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, ET SEQ.;**<br>II. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES, CAL. CIV. CODE § 1788, ET SEQ.;**<br>III. **CALIFORNIA IDENTITY THEFT ACT, CAL. CIV. CODE § 1798.92, ET SEQ.; AND,**<br>IV. **NEGLIGENCE**<br><br>**JURY TRIAL DEMANDED** |

Case #                                             *Nguyen v. Citibank, N.A.*
**COMPLAINT**

# INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. In addition, the United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system.  As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

///
///
///
///

3. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

4. KEVIN NGUYEN ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of CITIBANK, N.A. ("Citi") with regard to attempts by Citi, to unlawfully and abusively collect a debt from Plaintiff, inclusive of inaccurate credit reporting to, and by, the Credit Bureaus and this conduct caused Plaintiff damages.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

8. Any violations by Defendant were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

9. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332(a)(1) since the amount in controversy exceeds $75,000, exclusive of interest and costs, and this action involves Plaintiff, a citizen of the State of California; and, Citi, a citizen of the State of South Dakota.

11. This action arises out of Citi's violations of (i) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17, et seq. ("RFDCPA"); (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCCRAA"); (iii) negligence; and, (iv) California's Identity Theft Act, Cal. Civ. Code § 1798.92, et seq. ("CITA").

12. Because Citi conducts business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Sacramento County which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Citi conducted business within this judicial district at all times relevant.

## PARTIES

14. Plaintiff is a natural person who resides in Elk Grove, California, from whom Citi sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff.

15. In addition, Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(c).

16. Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).
17. Citi is a corporation located in the State of South Dakota.
18. Citi is a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.
19. Citi in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).
20. Citi is a "claimant" as that term is defined by California Civil Code § 1798.92(a).
21. This action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).
22. In addition, Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(b).
23. Citi is also a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).
24. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

25. At all times relevant, Plaintiff is an individual residing within the State of California.

26. In July 2018, Plaintiff discovered that an imposter compromised Plaintiff's account ending in 2867 to make a fraudulent purchase at a Best Buy in Tustin, California.

27. On July 5, 2018, Plaintiff received a telephonic communication from Citi informing Plaintiff that someone had attempted to make a purchase in the amount of $4,956.48 in person at the Tustin Best Buy.

28. Plaintiff was also informed by Citi that the unknown individual was granted an increase on Plaintiff's credit limit from $7,000 to $32,000.

29. Plaintiff immediately informed Citi that Plaintiff was at work in Sacramento, California on July 5, 2018, approximately 400 miles north of Tustin, so Plaintiff could not have made the disputed purchases.

30. Plaintiff also informed Defendant that Plaintiff did not authorize anyone to make the disputed purchase in Plaintiff's name at any time.

31. As a result of the fraud, Plaintiff also demanded that Citi remove the charge from Plaintiff's account; close the account; and, send Plaintiff a replacement card to utilize in the future.

32. The July 5, 2018 transaction was approved despite Plaintiff's immediate protests.

33. Thereafter, Plaintiff reiterated Plaintiff's demand that Citi reduce Plaintiff's credit limit back to $7,000 on July 6, 2018.

34. On July 7, 2018, Plaintiff received yet another telephonic communication from Citi.

35. During the July 7, 2018 telephonic communication, Plaintiff was informed that the fraudster was again attempting to make a purchase at the Tustin Best Buy.

36. The July 7, 2018 purchase was in the amount of $5,365.00.
37. Plaintiff again disputed this transaction since Plaintiff was in Sacramento at the time and physically could not have made the purchase.
38. This time, Citi honored Plaintiff's dispute and rejected the July 7, 2018 purchase.
39. However, Citi continues to hold Plaintiff liable for the July 5, 2018 purchase.
40. On July 8, 2018, Plaintiff completed an Identity Theft Report with the Federal Trade Commission.
41. This Identity Theft Report was assigned FTC Report # 97510927.
42. Plaintiff's Identity Theft Report explained that Plaintiff is the victim of identity theft.
43. Plaintiff's Identity Theft Report also explained the basis for this belief. Specifically, that Plaintiff was at work hundreds of miles away during the July 5, 2018 Transaction. Plaintiff's Identity Theft Report also explained that Plaintiff's dispute regarding the July 7, 2018 Transaction was honored by Citi.
44. Plaintiff completed this Identity Theft Report under the penalty of perjury and by declaring that the information was true and correct to the best of Plaintiff's knowledge.
45. Plaintiff also signed the Identity Theft Reporting acknowledging that knowingly making any false statements to the FTC may violate federal, state, or local criminal statutes and may result in a fine, imprisonment, or both.
46. On July 8, 2018, Plaintiff also requested a Security Freeze with the Credit Bureaus, Equifax; Experian; and, Trans Union.
47. On July 9, 2018, Plaintiff filed a police report with the Sacramento Police Department.
48. This report was assigned Police Report # 18 – 211608.

49. Plaintiff's Police Report also contained a narrative explaining the basis for which Plaintiff believed that Plaintiff is the victim of identity theft.
50. Thereafter, Plaintiff repeatedly disputed the July 5, 2018 Transaction in writing sent directly to Citi and during telephonic communications with Citi throughout July; August; and, September 2018.
51. Plaintiff sent yet another written dispute to Citi via certified mail on September 24, 2018.
52. Plaintiff's September 24, 2018 dispute provided an even more detailed narrative regarding the fraudulent transactions than was previously provided to Citi.
53. In addition, Plaintiff's September 24, 2018 included an e-mail from Mel Pulmones, the Manager at the Department of Motor Vehicles, where Plaintiff is employed.
54. Pulmones' e-mail was sent to certify Plaintiff's attendance at work on July 5, 2018 from 8:00 a.m. until 5:30 p.m.
55. Plaintiff's September 24, 2018 dispute also included a copy of Plaintiff's Police Report.
56. Finally, Plaintiff's September 24, 2018 dispute included a copy of Plaintiff's FTC Identity Theft Report.
57. Said dispute was received by Citi on September 28, 2018 at 5:02 a.m.
58. Following receipt of Plaintiff's September 24, 2018 dispute, Citi has continued to engage in written and telephonic communication collection attempts, inclusive of credit reporting, regarding the fraudulent transaction.
59. Plaintiff submitted another written dispute to Citi via certified mail dated January 4, 2019.
60. Plaintiff's January 4, 2019 dispute reiterated Plaintiff's belief that Plaintiff was the victim of identity theft and provided additional information to Citi.
61. This dispute was received by Citi on January 8, 2019 at 5:40 a.m.

62. Despite receipt of this dispute, Citi continues to engage in collection activity regarding the fraudulent debt and continues to report this mark with increasing delinquency to the Credit Bureaus.

63. Plaintiff has expended significant effort and time attempting to provide Citi with any and all information that would show Citi that Plaintiff did not incur the disputed charges.

64. Plaintiff's disputes provided Citi with at least 30 days notice prior to filing this Action.

65. Said notices informed Citi that Plaintiff was the victim of identity theft and explained Plaintiff's basis for this belief.

66. On information and belief, Citi failed to diligently investigate Plaintiff's claims.

67. Had Citi contacted Best Buy, the police department, or discussed the matter further with Plaintiff, Citi would have determined that Plaintiff was not present at Best Buy on the date of the fraudulent transactions and did not authorize these transactions to occur.

68. In fact, Citi would have learned that Plaintiff was 400 miles away from Orange County and could not have possibly incurred these fraudulent charges.

69. In addition, it was also unreasonable for Citi to honor Plaintiff's dispute regarding the July 7, 2018 transaction while rejecting the dispute regarding the July 5, 2018 dispute since each dispute was based upon the same grounds.

70. Citi continues to assert that Plaintiff is liable for the fraudulent transactions by sending collection notices to Plaintiff; reporting the debt to Plaintiff's credit reports; and, placing collection calls to Plaintiff.

71. Despite Plaintiff's efforts, Citi cursorily rejected Plaintiff's disputes.

72. Therein, Citi stated that Plaintiff was not the victim of identity theft because the charges were made by Plaintiff or someone that had authority to use Plaintiff's account.

73. To date, said inaccurate credit reporting remains on Plaintiff's credit reports.
74. Citi submits inaccurate credit information regarding Plaintiff to the Credit Bureaus every thirty days.
75. Through this conduct, Citi violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Citi knew or should know was inaccurate.
76. Plaintiff's continued efforts to correct Citi's erroneous and negative reporting by communicating Plaintiff's disputes orally and in writing were fruitless.
77. Citi's continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Citi's knowledge of the actual error was willful.
78. Citi's continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Citi's knowledge of the actual error was reckless.
79. Citi's failure to correct the previously disclosed inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of Citi's duty to refrain from reporting inaccurate information.
80. Accordingly, Citi willfully and negligently failed to comply with Citi's duty to reasonably investigate Plaintiff's dispute.
81. Citi's inaccurate and negative reporting damaged Plaintiff's creditworthiness.
82. Citi's conduct has caused Plaintiff emotional distress.
83. Plaintiff has spent countless hours disputing this inaccurate information with Citi in an attempt to provide any and all information needed for the investigations.
84. While Plaintiff was thorough in Plaintiff's disputes at all times, Citi merely responded with form letters that failed to take into account any of the specifics identified in Plaintiff's disputes.

85. Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because this large delinquency mischaracterizes Plaintiff as someone that avoids Plaintiff's financial obligations and significantly harms Plaintiff's credit score.

86. Through this conduct, Citi violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Citi violated Cal. Civ. Code § 1788.17.

87. Through this conduct, Citi violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Citi violated Cal. Civ. Code § 1788.17.

88. Through this conduct, Citi violated 15 U.S.C. § 1692e(8) by communicating credit information which is known or should be known to be false in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Citi violated Cal. Civ. Code § 1788.17.

89. Through this conduct, Citi violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Citi violated Cal. Civ. Code § 1788.17.

90. Through this conduct, Citi violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Citi violated Cal. Civ. Code § 1788.17.

91. Through this conduct, Citi violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Citi violated Cal. Civ. Code § 1788.17.

92. Despite Plaintiff's repeated attempts, Citi continues to pursue Plaintiff for an invalid debt causing Plaintiff to suffer.

93. As a direct and proximate result of Citi's willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials.

94. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Citi's inaccurate and derogatory information, without success.

95. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

96. By intentionally reporting continuing obligations, Citi acted in conscious disregard for Plaintiff's rights.

97. To report an ongoing obligation despite the fraudulent nature of these accounts shows that Citi took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

98. Since these efforts were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

///

///

///

# CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

### VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

### CAL. CIV. CODE § 1785.1, ET SEQ.

### [AGAINST CITI]

99. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

100. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

101. In the regular course of its business operations, Citi routinely furnishes information to credit reporting agencies pertaining to transactions between Citi and Citi' consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

102. Because Citi is a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Citi is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

103. Since Citi received all documents required to determine the inaccuracy of Citi' reporting, Citi should have known to update said reporting.

104. Citi also should have determined that Citi' reporting was inaccurate through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes.

# COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)
### [AGAINST CITI]

105. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

106. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

107. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Citi.

# COUNT III

## VIOLATIONS OF CALIFORNIA'S IDENTITY THEFT ACT
### CAL. CIV. CODE § 1798.92-1798.97
### [AGAINST CITI]

108. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

109. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

110. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); a civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief

the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

## COUNT IV

### NEGLIGENCE

### [AGAINST CITI]

111. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

112. Plaintiff believes and thereon allege that Citi owed various duties to Plaintiff pursuant to the RFDCPA; CITA; CCCRAA.

113. Specifically, Citi owed a duty to Plaintiff with regard to its manner of debt collection practices and credit reporting.

114. Citi breached Citi' duties by engaging in the acts described herein each in violation of the statutes at issue herein.

115. Plaintiff asserts that Citi is the actual and legal cause of Plaintiff's injuries.

116. Plaintiff believes and thereon alleges that as a proximate result of Citi' negligence, Plaintiff has suffered severe emotional distress.

117. Due to the egregious violations alleged herein, Plaintiff asserts that Citi breached Citi' duties in an oppressive, malicious, despicable, gross and wantonly negligent manner.

118. As such, said conduct establishes Citi' conscious disregard for Plaintiff's rights and entitles Plaintiff to recover punitive damages from Citi.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;
- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;
- General damages according to proof;
- Special damages according to proof;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- Punitive damages according to proof as to the CCCRAA; and, negligence claims;
- General damages according to proof;
- Special damages according to proof;
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1798.93(c)(5);
- A civil penalty of $30,000 pursuant to Cal. Civ. Code § 1798.93(c)(6);
- A declaration regarding Plaintiff's lack of liability to the claimants pursuant Cal. Civ. Code §§ 1798.93(c)(1)-(2);
- An injunction regarding claimants pursuant Cal. Civ. Code § 1798.93(c)(3); and,
- Any and all other relief the Court deems just and proper.

**TRIAL BY JURY**

119. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 11, 2019                                                             Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:   ___/s/ Matthew M. Loker___
               MATTHEW M. LOKER, ESQ.
               ATTORNEY FOR PLAINTIFF